UNITED STATES DISTRICT COURT
for the
EASTERN DISTRICT OF NORTH CAROLINA

**U.S.A. vs. Shamon Kinston**                           Docket No. 7:18-CR-170-1D

**Petition for Action on Supervised Release**

COMES NOW John P. Nasuti, U.S. Probation Officer of the court, presenting a petition for modification of the Judgment and Commitment Order of Shamon Kinston, who, upon a finding of guilt by jury to Conspiracy to Distribute and Possess With the Intent to Distribute 100 Grams or More of Heroin, 500 Grams or More of Cocaine, and a Quantity of Crack, in violation of 21 U.SC. §§ 841(a)(1) and 841(b)(1), and Possession With the Intent to Distribute a Quantity of Heroin and a Quantity of Crack, in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1), was sentenced by the Honorable Terrence W. Boyle, United States District Judge, on August 23, 2019, to the custody of the Bureau of Prisons for a term of 90 months. It was further ordered that upon release from imprisonment the defendant be placed on supervised release for a period of 60 months.

Shamon Kinston was released from custody on November 19, 2024, at which time the term of supervised release commenced.

On September 26, 2025, the case was reassigned to the Honorable James C. Dever III, United States District Court Judge.

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:**

On July 30, 2025, the New Hanover County Sheriff's Office initiated a traffic stop after the defendant exited the United States Probation Office in Wilmington, North Carolina. During this traffic stop, officers discovered less than a gram of cocaine; however, no charges have been filed against the defendant. Additionally, on August 30, 2025, the defendant was charged with Driving While Impaired (25CR400869) in Brunswick County North Carolina. According to Leland Police Department (LPD), on August 30, 2025, a LPD officer responded to a call of a vehicle stopped on the highway where the driver, this defendant, had passed out. The officer woke up the defendant and conducted a sobriety test. During the sobriety test, a breathalyzer test was conducted, and the defendant blew a .11 B.A.C. Subsequently, the undersigned probation officer confronted the defendant about his possession of cocaine and the DWI charge. He vehemently denies possessing cocaine, but admitted to having a few drinks and driving on August 30, 2025. Given the circumstances of the noncompliance, it is respectfully recommended that supervision be permitted to continue with the defendant being placed on a 120-day period of electronic monitoring curfew. Should additional violations occur, the Court will be notified, and further action requested.

The defendant signed a Waiver of Hearing agreeing to the proposed modification of supervision.

**PRAYING THAT THE COURT WILL ORDER** that supervised release be modified as follows:

1. The defendant shall adhere to a curfew as directed by the probation officer for a period not to exceed 120 consecutive days. The defendant is restricted to his residence during the curfew hours. The defendant shall submit to the following Location Monitoring: GPS monitoring and abide by all program requirements, instructions and procedures provided by the supervising officer.

Except as herein modified, the judgment shall remain in full force and effect.

Shamon Kinston
Docket No. 7:18-CR-170-1D
Petition For Action
Page 2

| | |
|---|---|
| Reviewed and approved, | I declare under penalty of perjury that the foregoing is true and correct. |
| /s/ David W. Leake<br>David W. Leake<br>Supervising U.S. Probation Officer | /s/ John P. Nasuti<br>John P. Nasuti<br>U.S. Probation Officer<br>2 Princess Street, Suite 308<br>Wilmington, NC 28401-4290<br>Phone: 910-679-2056<br>Executed On: October 1, 2025 |

## ORDER OF THE COURT

Considered and ordered this __2__ day of __October__, 2025, and ordered filed and made a part of the records in the above case.

_____
James C. Dever III
United States District Judge